IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOS ANGELES HOME-OWNERS AID INC. ) ) ) Plaintiff, ) ) v. ) ) HOLLI LUNDAHL dba MAXSOM ) INVESTMENTS ) ) Defendant. ) _____) ) HOLLI LUNDAHL ) ) Counterclaimant, ) ) v. ) ) LOS ANGELES HOME-OWNERS AID ) INC. ) ) Counterdefendant ) _____) ) HOLLI LUNDAHL ) ) Cross-claimant, ) ) v. ) ) | Civil Case No. 05-126-E-BLW  **ORDER REJECTING FILING** |

**Order Rejecting Action - 1**

ANN KUNZE, LOS ANGELES                )
HOME-OWNERS AID INC., MEL             )
HOFFMAN, KARL VENDENBERG,             )
SUSAN MANDELA, SHARON                 )
COVERLY HUGHES, LAW OFFICES           )
OF HUGHES AND DUNSTAN, NANCY          )
CURRY, and DOES 1-10,                 )
                                      )
                Cross-Defendants.       )
_____)

# INTRODUCTION

Holli Lundahl (Lundahl) has filed a document styled "Notice of Removal of United State[s] District Court Cases." (Docket No 1). She purports to utilize the Bankruptcy Removal statute and Rule 9027 to "remove" four cases from other federal district courts to this court. These actions include: Case Nos. 2:05 CV 00181 and 2:03 CV 1082, filed in the District of Utah, and Case Nos. 2:05 CV01118 and 2:05 CV 2382 filed in the Central District of California. For the reasons set forth below the Court will reject this filing.

# DISCUSSION

**1.    Removal is Inappropriate under the Bankruptcy Removal Statute.**

In support of her attempted "removal," Lundahl cites 11 U.S.C. § 1452(a)[1]

---

[1] The Court will infer that Ms. Lundahl intended to cite 28 U.S.C. § 1452(a), which is the bankruptcy removal statute.

**Order Rejecting Action - 2**

and Bankruptcy Rule 9027.  28 U.S.C. § 1452(a) provides:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

The great majority of actions removed to federal district court are removed from state court, both where the removal is made pursuant to the general federal removal statute, 28 U.S.C. § 1441-1448, and where the removal is made pursuant to the bankruptcy removal statute, 28 U.S.C. § 1452.  Nonetheless, 28 U.S.C. § 1452 contemplates more than just the removal of actions from state courts to district courts (and from the district courts by referral to bankruptcy courts).  *Mitchell v. Fukuoka Daiei Hawks Baseball Club*, 206 B.R. 204, 211 (Bankr.C.D.Ca.1997).[2] However, the statute "must logically be interpreted as referring to the fact that proceedings from federal courts *other than district court* can be removed to district court, unless the federal proceeding in issue is pending in tax court, in which case Section 1452 prohibits it from being removed. [Emphasis in original]" *Id*.  Thus, the bankruptcy removal statute authorizes removal of an action to district court from a court other than a district court, but not from one district court to another

---

[2] While this decision is not binding, the Court adopts the reasoning of the decision which it finds persuasive.

**Order Rejecting Action - 3**

district court, as Lundahl attempts to do here.  Therefore, the Court must reject the present filing.

**2.      Even if Removal were Appropriate, the Court would enter an Order of Remand.**

Even if removal would be proper under 28 U.S.C. § 1452(a), this Court would exercise its discretion to remand these actions back to the district courts from which they were purportedly removed for all further proceedings.  28 U.S.C. § 1452(b). The cases which Lundahl seeks to "remove" present an exceedingly complex factual and procedural history including various complaints brought in multiple state courts and suits against several state court judges, among others. The Court will not detail the convoluted history of these cases but will briefly summarize the status of each.[3]

**Case No. 2:05 CV 00181, District of Utah**

On March 2, 2005, Lundahl filed a document in the U.S. District Court for the District of Utah purporting to remove an action or actions filed in the Fourth District Court for the State of Utah to the Utah Federal District Court (Case no. 181, Docket No. 1).   Although her allegations are far from clear, Lundahl appears to assert that the state court foreclosure action relates to a valid bankruptcy case

---

[3] Materials from a proceeding in another tribunal are appropriate for judicial notice. *Biggs v. Terhune*, 334 F.3d 910, 916-17 (9th Cir.2003); Fed.R.Evid. 201.

**Order Rejecting Action - 4**

filed in California. Plaintiff Los Angeles Home-Owners Aid, Inc. (LAHA) filed a Motion to Remand this action to state court in Utah on the grounds that (1) Lundahl offered no valid basis for federal jurisdiction and (2) Lundahl's purported bankruptcy proceeding gives rise to mandatory abstention.

Instead of responding to LAHA's Motion to Remand[4], Lundahl now attempts to "remove" this action to this Court. In that document, Lundahl states that "by order of Idaho district court judge, the following case nos. 2:05 CV 01119 and 2:03 CV 1082 DB pending before the United States District Court Central District of Utah and case nos. 2:05 01118 and 2:05 CV 2382 comprising of the mandamus petitions filed by LUNDAHL and KEDDINGTON before the United States District Court Central District of California, have now been ordered removed to the United States District Court Eastern District of Idaho." (Case No. 181, Docket No. 6). No such order has been entered.

---

[4] The record in the state court action reflected that, on January 5, 2005, LAHA filed an action seeking judicial foreclosure of its trust deed against certain real property located in Provo, Utah. LAHA named Lundahl and one Keddington, among other defendants, who purport to claim some interest in the property. Instead of answering the Complaint, Lundahl filed a Chapter 13 bankruptcy petition, not in Utah, where she resides, but in the Central District of California. After filing, she attempted to remove the foreclosure action to the bankruptcy court in California. The California bankruptcy court noticed the impropriety of Lundahl's removal and remanded the action. (Case No. 181, Docket No. 4, Attachment B.) Lundahl then filed the Notice attempting to remove the action to the U.S. District Court in Utah.

**Order Rejecting Action - 5**

**Case No. 2:03 CV 1082,  District of Utah**

Case No. 1082 was formerly Adversary Proceeding No. 03-2257, a case that was before the Bankruptcy Court in the District of Utah until Lundahl filed a Motion to Withdraw the Reference.  According to Lundahl's First Amended Adversary Proceeding Complaint, the case stems from the alleged wrongful foreclosure of a trust deed that LAHA held against certain residential real property in Utah in which Lundahl claims an interest.  After allegedly serving LAHA with process, Lundahl sought default judgment.  Noting irregularities with her service of process, the state trial court refused to enter the default requested.  Lundahl then joined additional defendants in her litigation, including various state district court and appellate judges.

On December 15, 2003, LAHA moved the Court to consolidate Case No. 2:03CV1084[5] into Case No. 2:03CV 1082.

On December 19, 2003, the Bankruptcy Court dismissed Lundahl's underlying bankruptcy.  However, prior to that dismissal, Lundahl moved to withdraw the reference of the adversarial proceeding to the Utah District Court.

On January 21, 2004, Judge Dee Beeson, Chief Judge for the District of

---

[5] Case No. 1084 stemmed from Adversary Proceeding No. 03-2278 which, like Case No. 1082, was before the Bankruptcy Court before withdrawal of reference.

**Order Rejecting Action - 6**

Utah, granted the motion to consolidate, concluding that the two cases stemmed from the same essential facts and involved substantially the same parties.  Judge Beeson stated, "[I]n both cases Lundahl alleges that Los Angeles Homeowners Aid attempted a wrongful foreclosure and that various State Court judges and others have conspired together to deprive her of her rights in prior proceedings related to a foreclosure action." (Case No. 1082, Docket No. 8).    On January 13, 2004, Defendants moved to dismiss the action based upon the dismissal of the underlying bankruptcy.

On September 3, 2004, Chief Judge Benson granted Lundahl's Motion to Withdraw the Reference.[6] Judge Benson next considered the LAHA's Motion to dismiss based on the Bankruptcy Court's dismissal of the underlying action. Citing *In re Smith,* 866 F.2d 576, 580 (3d Cir. 1989), for the rule that the dismissal of a bankruptcy case should result in the dismissal of related proceedings, the

---

[6] Judge Benson wrote:

> It is clear that Ms. Lundahl's original intent was to have this case heard by the bankruptcy judge as an adversarial proceeding in her underlying bankruptcy. However, her intentions apparently changed on December 8, 2004, eleven days before the bankruptcy judge dismissed the bankruptcy case, when Ms. Lundahl moved this Court to withdraw the reference because the case allegedly involved matters related to a personal injury claim and/or withdrawal was warranted pursuant to 28 U.S.C. § 157(d).  The Court, based solely on the allegations made by Ms. Lundahl regarding the nature of her claims, grants her Motion to Withdraw the Reference.

Case No. 1082 (Docket No. 19).

**Order Rejecting Action - 7**

Court granted the Motion. Because Lundahl had only alleged federal jurisdiction contingent upon the underlying bankruptcy, Judge Benson applied the rule articulated in *In re Smith.*

Judge Benson further explained that, in her opposition to the Motion to Dismiss, Lundahl had attempted – unsuccessfully – to refashion her First Amended Complaint to assert that an independent basis of jurisdiction existed because the case involves federal questions. Judge Benson dismissed Lundahl's Complaint with prejudice.[7]

On October 6, 2004, Lundahl filed a Notice of Appeal from Judge Benson's final Order dismissing the action. That appeal is pending. Once a notice of appeal is filed, jurisdiction is vested in the Court of Appeals, and the trial court thereafter

---

[7] Judge Benson wrote:

> A thorough reading of the FAC demonstrates that the FAC does not raise issues of federal law. The United States Supreme Court has recognized that federal courts are without jurisdiction when 'the alleged claim under . . . federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim in wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). Ms. Lundahl uses phraseology in her FAC that, at first glance, gives the reader the impression that her claims are based upon violations of federal law. However, upon closer scrutiny, it is clear that all federal allegations in the FAC are merely a ruse designed by Ms. Lundahl to invoke the Court's jurisdiction; Ms. Lundahl's discontent clearly arises from frustration and/or harm caused by unfavorable rulings rendered by state-court judicial officers rather than from alleged violations of federal law.
>
> Case No. 1082, Docket No. 19.

**Order Rejecting Action - 8**

has no power to modify its judgment in the case or proceed further except by leave of the Court of Appeals. *Smith v. Lujan*, 588 F.2d 1304, 1307 (9th Cir. 1979). On April 1, 2005, in the District Court of Utah, Lundahl filed a document stating that this matter had been removed to the District of Idaho. As she had asserted in her filing in Case No. 2:05 CV 00181, discussed above, Lundahl erroneously stated that the action had been ordered removed. Case No. 1082 (Docket No. 26).

**Case No 2:05 CV 01118, Central District of California**

Lundahl brought this case styled as a "Motion for Withdrawal of Reference." Lundahl attempted to file various documents and the District Court, Judge George P. Schiavelli, rejected the filings. (*See* Docket Nos. 7, 16.) It also appears that Lundahl attempted to file a final notice removing notice of remand, which Judge Schiavelli also rejected. (Docket No. 18).

**Case No. 2:05 CV 2382, Central District of California**

On March 30, 2005, Lundahl filed a RICO action against LAHA and various individual defendants including: Mel Hoffman, Karl Vendenberg, Susan Mandela, Sharon Coverly Hughes, Hughes and Dunstan Law Offices, Ann Kunze, Nancy Curry and Does 1 - 20 in the Central District of California. On April 1, 2005, Lundahl filed a RICO action against the same defendants (with the addition of Sheri Bluebond) in this District. On May 3, 2005, this Court entered an Order

**Order Rejecting Action - 9**

dismissing the later filed action in favor of the earlier filed action because both actions involved virtually the same parties and claims.  (*see* Civil Case No. 05-128, Docket No.14).

Having considered the filings made, and orders entered, in the above proceedings, the Court determines that, even if removal were proper as to any of these actions – and the Court has concluded that it is not – it would exercise its discretion to remand.  Lundahl's effort to "remove" these matters to this district, having filed them in other districts, is but an attempt at forum shopping.

Lundahl also has filed a Motion to Proceed In Forma Pauperis in this matter.  The Court will also deny that Motion.  Where a litigant applies to proceed in forma pauperis and has a history of frivolous, repetitive filings, a Court need not allow such filings unless the litigant first pays the appropriate fees.  *See In re Vey*, 520 U.S. 303 (1997).  Although this case and Civil Case No. 05-128 represents Lundahl's first filings in the District of Idaho, her filing history in other courts is a matter of public record and shows that she is a vexatious litigant.  In *Lundahl v. Quinn*, 67 P.3d 1000 (Utah 2003), the Utah Supreme Court stated that Lundahl's filings were "routinely frivolous and . . . brought with the apparent purpose, or a least effect, of harassment, not only of opposing parties, but of the judicial machinery itself." *Id*. at 1002.  The Utah Supreme Court further determined that

**Order Rejecting Action - 10**

the reasonable indulgence afforded to pro se litigants would no longer be afforded to Lundahl.  It stated:

> [T]his court generally is lenient with pro se litigants.  Individuals have a right to represent themselves without being compelled to seek professional assistance.  Where they are largely strangers to the legal system, courts are understandably loath to sanction them for a procedural misstep here or there.  Holli, however, is hardly a stranger to the legal system.  Where most ordinary individuals find themselves in court on only a handful of occasions in their lives, Holli has managed to embroil herself in more litigation in just a few short years than one would think humanly possible.  When an individual avails herself of the judicial machinery as a matter of routine, special lenience on the basis of pro se status is manifestly inappropriate.

*Id*.  Also, the United States Bankruptcy Court for the District of Utah ruled that a bankruptcy petition filed by Lundahl was filed in bad faith and principally for the purpose of securing a federal forum for litigation of certain claims.  *In re Holli Lundahl*, 307 B.R. 233 (D.Utah 2003). Moreover, the United States Supreme Court recently entered an order stating that Lundahl has "repeatedly abused this Court's process," and directing the Clerk of the Court "not to accept any further petitions in noncriminal matters" from Lundahl unless the requisite fees were paid.  *Lundahl, Holli v. Eli Lilly & Co., et al.,* 2005 WL 461288 (U.S.), April 25, 2005.

Inasmuch as the Notice of Removal was improperly filed, the Court enters the Order below.

IT IS HEREBY ORDERED that the filing is REJECTED.

**Order Rejecting Action - 11**

IT IS FURTHER ORDERED that the Motion for Leave to Proceed in Forma Pauperis (Docket No. 2) is DENIED.

DATED: **May 13, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Order Rejecting Action - 12**